FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jazmin Walton on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br>v.<br><br>Capital Management Services, L.P.,<br><br>                              Defendant. | No. **CV 16 3878**<br>CLASS ACTION<br>Jury Demanded<br><br>SPATT, J.<br>LINDSAY, M.J. |

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1. Plaintiff Jazzmin Walton ("Plaintiff" or "Walton") files this Complaint seeking redress for the illegal practices of Defendant, Capital Management Services, L.P. ("Defendant" or "CMS"), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. CMS' pattern and practice of gouging consumers through the insidious addition of "collection fees and costs", and by threatening "further steps" attempting to collect debt beyond the statute of limitations is illegal and contemptible conduct.

### Parties

3. Plaintiff Jazzmin Walton is a citizen of New York State who resides within this District.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services.

6. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The alleged debt was allegedly incurred for a car loan.

7. Defendant is regularly engaged in the collection of debts allegedly due to others.

8. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

12. Venue is also proper in this district since Defendant transact business in this district.

## Factual Allegations

13. Capital Management Services, L.P. ("CMS") alleges that Plaintiff owes U.S. Bank money for a defaulted car loan.

14. In an attempt to collect the alleged debt, on or about February 4, 2016 Defendant sent Plaintiff a debt collection letter. **(Exhibit A)**

15. Exhibit A seeks to collect a total debt of $11,750.74.

16. Exhibit A details the alleged debt as follows:

Original Creditor: U.S. Bank
Current Creditor: U.S. Bank
Account #9451
Amount Due at Charge-Off: $0.00
Non-Interest Charges or Fees Accrued Since Charge-Off: $0.00
Payments Made Since Charge-Off: $0.00
Current Amount Due: $11750.74

17. Exhibit A violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is alledgely owed.

18. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to indicate whether the alleged amount due is owed as principal, interest, or some other charge. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). Exhibit A fails to indicate whether the Plaintiff is going to continue to accumulate interest, or incur other costs. Additionally, Exhibit A is false, deceptive in that it indicates that the Plaintiff did not owe any money as of the date of the charge-off, and that $11,750.74 was incurred thereafter.

19. Exhibit A is unfair and unconscionable and violates 15 USC 1692f(1), in that it seeks to collect $11,750.74 for debt that purportedly accumulated post charge off.

20. In response to receiving Exhibit A, Plaintiff sent the Defendant a letter asking the Defendant to cease and desist attempting to collect the alleged debt.

3

21. Notwithstanding the Defendant's receipt of the Plaintiff's cease and desist letter, the Defendant continued to contact the Plaintiff in an attempt to collect the alleged debt in violation of 15 USC 1692c(c).

22. The Defendant also violated 15 USC 1692c(b) and 15 USC 1692d in that Defendant communicated with third parties in connection with the alleged debt in by calling the Plaintiff's relatives and leaving messages despite the fact that Defendant was aware of how to contact the Plaintiff.

### *Class Action Allegations*

23. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether <u>Exhibit A</u> violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

24. A class action is superior for the fair and efficient adjudication of the class members' claims.

25. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

26. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's First Amended Complaint ; (d) which was not returned by the postal service as undeliverable.

30. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Violations of the Fair Debt Collection Practices Act

31. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### Class Allegations Related to Exhibit A

32. By sending Exhibit A, the Defendant violated 15 USC 1692g(a) in that the Defendant did not properly and effectively convey the amount of the debt. To the extent that the amount of the debt was conveyed it was confused and overshadowed by additional information provided by Defendant in Exhibit A.

33. By sending Exhibit A, the Defendant violated 15 U.S.C. §§ 1692 e, e(2), e(5), e(10), f, and f(1) by falsely indicating that the Plaintiff owed $11750.74 for debt that accumulated after the "charge off" date

34. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

35. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

### Failure to Cease and Desist

36. The Defendant is also liable to Plaintiff for violating 15 USC 1692c(c) by attempting to collect the alleged debt from the Plaintiff after receiving written instructions from Plaintiff to cease and desist.

...

### Communicating with Third Parties

37. The Defendant is also liable to Plaintiff for violating 15 USC 1692c(b) and 15 USC 1692d for calling the Plaintiff's relatives and leaving messages despite being aware of how to contact the Plaintiff.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Actual damages provided under the FDCPA, 15 U.S.C. 1692k;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(E) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
July 12, 2016

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

7

# EXHIBIT A

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317



**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-800-395-0381, Fax: 716-512-6046

Reference# 100310160

Original Creditor: U.S. BANK
Current Creditor: U.S. BANK
Account #: 9451
Amount Due at Charge-Off: $0.00
Interest Accrued Since Charge-Off: $0.00
Non-Interest Charges or
Fees Accrued Since Charge-Off: $0.00
Payments Made Since Charge-Off: $0.00
Current Amount Due: $11750.74

T30  P1******AUTO**MIXED AADC 140

Jazzmin V Walton
53 DIXON AVE
AMITYVILLE, NY  11701-2809

..................PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT..................

February 04, 2016

Dear Jazzmin V Walton:

This company has been engaged by U.S. BANK to resolve your delinquent debt of $11750.74.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

You may contact Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317 or call 1-800-395-0381 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET.  Please submit your payment and make the check or money order payable to Capital Management Services, LP to the above address.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

**Please see additional page(s) for information regarding New York State Residents.**

